MOORE U.S.A. INC., and TOPPAN FORMS CO., LTD., Plaintiffs,

v.

THE STANDARD REGISTER COMPANY, Defendant.

No. 98–CV–485C(F).

United States District Court, W.D. New York.

Sept. 18, 2001.

Nixon & Vanderhye P.C. (James D. Berquist, Esq., of Counsel), Arlington, VA, Cohen Swados Wright Hanifin Bradford & Brett (Laurence B. Oppenheimer, Esq., of Counsel), Buffalo, NY, for Plaintiffs.

Oblon, Spivak, McClelland, Maier & Neustadt, P.C. (Charles L. Gholz, Esq., of Counsel), Arlington, VA, Gibson, McAskill & Crosby (Brian P. Crosby, Esq., of Counsel), Buffalo, NY, for Defendants.

## INTRODUCTION

CURTIN, District Judge.

Presently before the court in this patent infringement suit is Motion 16 or Item 237, which is SRC's motion to reconsider the court's oral discovery order of September 2000. The court heard oral argument on August 8, 2001.

## BACKGROUND

In August 2000, the court ruled that SRC was entitled to discovery of information relating to Moore's research regarding pressure sensitive adhesives, as well as pressure seal adhesives.

In light of the fact that SRC asserts invalidity of the '128 patent as an affirmative defense, discovery of Moore's work on other pressure-sensitive adhesives appears reasonably calculated to lead to the discovery of admissible evidence. As such, the court grants SRC's motion to the extent that it calls for production of *certain* documents relating

to Moore's pressure-sensitive and pressure-seal adhesives.

Item 193, p. 6 (emphasis added). Moore interpreted the August 2000 order as not requiring it to produce information relating to research that had taken place after December 25, 1987, which was the date of the "priority application" that was filed in Japan for what Moore claims ultimately became the '128 adhesive. Item 237, Exh. J. On August 10, 2000, Moore advised SRC of this interpretation. Subsequently, Moore agreed to produce responsive information up to the date of the '128 patent's being issued in 1990.

On September 13, 2000, SRC deposed Dr. David Rice, who is a Moore research scientist. During the deposition, counsel for SRC attempted to question Dr. Rice regarding Moore's research efforts-as to both pressure sensitive and pressure seal adhesives-that had taken place *after* the '128 patent was issued in 1990. Moore's counsel objected to this line of questioning and directed his witness not to answer. The court was contacted by telephone. A record was made of the argument and decision. The court sustained Moore's objection:

> The Court: Well, Mr. Enos, I suppose that as in any other industry that the engineers and chemists at Moore are always searching, and I suppose your company does the same thing, to try to improve their product. But really does that have anything to do with a patent that was issued in 1990?
>
> .     .     .     .     .
>
> Let me do this, so you can continue. I think that the objection to the question is appropriate.

Item 237, Exh. A, p. 178. The court invited SRC to file a written motion if it still believed that it was entitled to the information. *Id.* at 179. On December 8, 2000, SRC filed the present motion and requested relief from the court's oral order of September 13, 2000. Item 237.

## DISCUSSION

SRC seeks discovery of information and documents relating to Moore's "recent" research and development efforts in the areas of pressure sensitive adhesives and pressure seal adhesives. "By 'recent,' SRC means all research conducted by Moore since the issuance of the '128 patent." Item 237, p. 3 n. 7. It bears repeating that the technology of pressure seal adhesives is a subset of the pressure sensitive adhesive technology. Therefore, all pressure *seal* adhesives are pressure *sensitive* adhesives, but not all pressure *sensitive* adhesives are pressure *seal* adhesives.

As indicated *supra,* SRC demands two categories of documents and information: (1) those relating to Moore's "recent" research regarding pressure seal adhesives, specifically, Moore's efforts to design an "alternative" to the adhesive embodied by the '128 patent ("the '128 adhesive") and (2) those relating to Moore's recent research regarding the broader technology of pressure sensitive adhesives.

### I. Moore's Recent Research Regarding Pressure Seal Adhesives

If the "question under the doctrine of equivalents is whether an accused element is equivalent to a claimed element, the proper time for evaluating equivalency-and thus knowledge of interchangeability between elements-is at the time of infringement, not at the time the patent was issued." *Warner–Jenkinson Co., Inc. v. Hilton Davis Chemical Co.,* 520 U.S. 17, 37, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997).

SRC rightly points out that the critical infringement issue here is whether Moore's patented adhesive and SRC's principally accused adhesive are equivalent

in light of the fact that SRC's adhesive contains only methyl methacrylate ("MMA") while Moore's contains a blend of MMA and styrene.

Furthermore, SRC has secured documents and testimony which suggest that Moore was engaged in efforts to design an alternative to the '128 adhesive in the mid–1990s, which is around the time that SRC is alleged to have first infringed the '128 patent. *See* Item 237, pp. 5–6.[1]

SRC suggests that if Moore has performed research aimed at developing an alternative to the '128 adhesive, then there is a reasonable possibility that Moore's researchers made statements and expressed opinions on whether certain proposed alternative formulations are equivalent to the '128 adhesive or whether other alternative formulations are different from or inferior to the '128 adhesive. Further, if these statements were made and these opinions were expressed in and around the time of the alleged infringement, *see supra* (discussing *Warner–Jenkinson*), they could prove relevant not only as admissions, prior inconsistent statements, or even statements against Moore's interests, but also as evidence of whether people of ordinary skill in the polymer art considered MMA and styrene to be equivalent. At the very least, SRC contends that these kinds of statements and opinions would be reasonably calculated to lead to the discovery of admissible evidence.

■ The court agrees. This aspect of SRC's motion is granted. Moore should produce documents and information regarding its efforts to design and develop alternatives to the '128 adhesive. While *Warner–Jenkinson* will only require

Moore to produce information on research that took place in and around the time of SRC's alleged infringement of the '128 patent, the fact is that Moore claims ongoing infringement by SRC. Thus, the applicable scope of time continues to run and, as a result, may encompass any of Moore's efforts to design an alternative to the '128 adhesive.

## II. Moore's Recent Research Regarding Pressure Sensitive Adhesives

■ In its August 2000 order, the court reasoned that SRC was entitled to discover *certain* information and documents relating to Moore's research into pressure sensitive adhesives. At that time, the court acknowledged that this area of information was discoverable relative to the issues of prior art and the '128 patent's validity, but *not* as to the issues of infringement and equivalency. *See* Item 193, p. 6.

Furthermore, while the court is directing discovery of Moore's efforts to design an alternative to the '128 patent, *see supra,* it does so because that information may pertain to the issues of infringement and equivalence. It suffices to say that the same argument cannot be made in support of SRC's demand for discovery of Moore's recent research regarding pressure *sensitive* adhesives. Moore's recent research on this particular technology is neither relevant to the claims or defenses of any party, nor would it be reasonably calculated to lead to the discovery of admissible evidence. The court has considered SRC's reply arguments favoring discovery of these materials and finds them unpersuasive. *See* Item 301, pp. 4–5. For these

---

1. SRC believes that Moore's researchers attempted to develop an alternative to the '128 adhesive because Moore was unsure, for some period of time, as to whether Toppan would extend Moore's exclusive license for the pat-

ent's entire life. *See* Item 237, Exh. E, p. 1. Of course, Moore could have been unsure of its licensing status only until September 1999 when it received a license of the '128 patent that ran for the life of the patent itself.

reasons, the aspect of Motion 16 which is directed at Moore's recent research regarding pressure sensitive adhesives is denied.

## CONCLUSION

For the reasons stated herein, SRC's motion for reconsideration of the court's oral discovery order of September 2000 (Item 237) is granted in part and denied in part.

So ordered.